## LA FAYETTE RANNEY, RESPONDENT, v. SIEGMUND M. PEYSER AND OTHERS, APPELLANTS.

*Foreclosure of a junior mortgage on a leasehold estate — appointment of a receiver of the rents and profits — when a prior incumbrancer can compel him to pay ground rent from such rents and profits — Counsel fee.*

In an action of foreclosure brought by the plaintiff, the holder of a second mortgage upon a leasehold estate he was, with the consent of the mortgagors, appointed a receiver and directed to collect the rents of the premises, and "out of the same to keep said buildings insured against loss or damage by fire, and in repair, and to pay the ground rent and taxes." Subsequently one Maas, the owner of the first mortgage, commenced an action for its foreclosure, to which the plaintiff herein was made a defendant, and upon a sale had under a judgment recovered therein Maas purchased the premises for less than the amount due on his mortgage. Upon the passage of the accounts of the plaintiff as receiver, it appeared that he had refused to pay the ground rent and taxes due and accruing upon the premises while he was collecting the rents, and claimed to be entitled to apply them upon his own mortgage.

*Held*, that he was bound to apply the rents received by him in paying such ground rent and taxes, and that as Maas had been compelled to pay the same, to save the property, the receiver should be ordered to pay over any balance in his hands to Maas to apply thereon.

When a receiver will not be allowed to charge against the fund fees paid to counsel, considered.

APPEAL from an order made at Special Term, overruling exceptions to the report of a referee.

On or about October 3, 1877, the plaintiff commenced this

action to foreclose a mortgage executed to him by the defendants, Peyser and wife, upon their leasehold interest in two lots of land in the city of New York, known as Nos. 718 and 720 Tenth avenue.

On the 26th day of December, 1877, upon the consent in writing of the defendant Peyser and his attorney, the plaintiff entered an order appointing himself receiver of the rents, issues and profits of the mortgaged premises (without giving any bond as security for the faithful discharge of his duties), which order contained the following provision, viz. : " That as such receiver, he (plaintiff) have power, which is hereby given to him, to rent and manage said buildings and premises, and to rent the same or any part thereof from time to time for terms not exceeding one year, to collect and receive the rents thereof, and out of the same to keep said buildings insured against loss or damage by fire and in repair, and to pay the ground rent and taxes."

In pursuance of this order the plaintiff collected the rents of the premises monthly from January to October, 1878, amounting to the sum of $1,764. November 18, 1878, upon plaintiff's application, an order was made at Special Term, referring it to a referee to take and pass the accounts of the plaintiff as receiver, reserving the question as to the disposition of the money in his hands, until the coming in of the referee's report.

The plaintiff, as receiver, accounted before the referee and his account was passed and allowed, showing a balance in the hands of the plaintiff of $589.05. Exceptions were duly taken to the referee's report, and the plaintiff made a motion to confirm the report, noticed for the 17th of February, 1879, and for an order permitting the plaintiff to apply the balance of the moneys in his hands to the payment of the amount due him upon his bond and mortgage.

The motion was opposed by the defendants, Peyser and wife, by counsel, and by Adolphus H. Maas, the owner of two mortgages, one upon each of the said lots, prior to that of the plaintiff. Maas presented to the court a petition and a notice of motion, asking that the plaintiff be required to pay the balance of the moneys in his hands as receiver to the petitioner Maas, for and on account of moneys which he, Maas, had been compelled to expend

for the preservation of the leasehold estate, in payment of ground rent and taxes.

On the 1st day of March, 1878, Maas had commenced his action to foreclose each of his said mortgages, making the mortgagors, Peyser and wife and Ranney, parties defendant. October 31st, 1878, Maas became the purchaser of the premises at a referee's sale under and by virtue of decrees therein, at a sum less than the amount due to him, and took the referee's deed.

At that time it appears that the ground rent for the quarter ending October 31st, 1878, amounting to the sum of $105, and the taxes for the year 1876 ($448), and the taxes for the year 1877 ($424), and the taxes for the year 1878 ($408), had not, nor had either of them, been paid by Ranney or any other person, and the same remained due and payable. Maas applied to Ranney, requesting him to apply the moneys in his hands as receiver towards the payment of said ground rent and taxes, which Ranney refused to do.

The order appealed from directed the receiver to pay the balance in his hands to plaintiff, Ranney, to apply upon his mortgage.

*M. L. Townsend,* for the appellant.

*Randolph Guggenheimer,* for the respondent.

BARRETT, J. :

Ranney commenced this action to foreclose a mortgage upon certain leasehold premises. He obtained an order therein, with the defendant's consent, appointing him receiver of the rents and profits. We have examined this order attentively and are of opinion that it not merely empowered but required the receiver to pay ground rent and taxes.

The case is distinguishable from the *Washington Life Ins. Co.* v. *Fleischauer* (10 Hun, 117), and the cases there cited, in that Ranney did not obtain the receivership for his own benefit, but for that of all concerned. If there had been a surplus over and above insurance, repairs, ground rent and taxes, such surplus might have enured to his exclusive benefit. But in the collection of the rents and the payments therefrom, which he was ordered

to make, he was acting for the conservation of the estate. Instead of obeying the order under which he was appointed, he declined to pay ground rent and taxes and applied the rents upon his mortgage debt.

It appears that one Maas held a prior mortgage upon the same premises. He was not made a party to the Ranney suit. While that action was pending Maas commenced an independent suit to foreclose his mortgage, making Ranney a party defendant. Maas' suit went to judgment, thus cutting off Ranney, and upon the sale thereunder Maas himself became the purchaser. We think Maas had a perfect right to rely upon the application of the moneys collected by Ranney, as receiver in his own suit, to the payment of taxes and ground rent. It is said that Mass bought subject to these taxes, etc. This is not a correct view of the matter. In equity and good conscience he bought subject to whatever remained after the due application by Ranney of the funds in his hands. It must be observed that Ranney held these moneys as an officer of the court under specific instructions. Any one interested in the estate had a right to demand the performance of his official duty, and in case of refusal to apply against him by petition. This is precisely what happened. Maas having completed his purchase, in reliance upon the order, demanded of the receiver payment of the taxes and ground rent. This was refused, and thereupon, to preserve his property, Mass was himself compelled to pay them. Can there be a doubt as to what the court ought to do under these circumstances? Should it permit Ranney to profit by his contempt of the order appointing him? It seems very clear to us that the rents must be applied to the purpose originally directed. Treat the case as though there was an independent receiver in Ranney's place and the solution is easy. Maas would then be applying against such receiver to compel him in substance to do what he should have done before. Ranney would in effect be applying to compel *a continuance and completion of the receiver's disobedience* by payment to him. We think that Mass was entitled to have the prayer of his petition granted.

We think too that the exception filed by the defendants to the allowance of a counsel fee should have been sustained. It was an extraordinary piece of advice which was given to Ranney. He

was substantially counseled to *violate his duty as receiver for his own personal benefit.* That advice was certainly personal and he should pay for it out of his own pocket.

The order must be reversed, with ten dollars costs and disbursements, and an order made disallowing commissions for counsel fee in the accounting, and requiring Ranney to pay the taxes of the year 1877, applying to that purpose the $100 charged in the account for the counsel fee above disallowed, together with such part of the $589.05 found by the referee to be in his hands as may be necessary, and that the balance of the latter sum, after paying the referee, be paid over to Maas.

Davis, P. J., and Brady, J., concurred.

Order reversed, with ten dollars costs and disbursements, and order directed to be entered as directed in opinion.